IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL |
| vs. | |
| WILLIAM DULEY, | Case No. 2:06-CR-143 TS |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Recusal, filed February 8, 2007.[1]  The government filed its response on February 15, 2007.[2]  In his Motion, Defendant requests that the Court recuse itself from sentencing in this matter, pursuant to 28 U.S.C. § 455. Having considered the pleadings, the procedural history of this case, the relevant case law, and being otherwise fully informed, the Court will deny the Motion and will proceed to sentencing as presently scheduled.

---

[1] Docket No. 23.

[2] Docket No. 26.

BACKGROUND

On March 15, 2006, Defendant was charged in a four-count Indictment with False Statements During Acquisition of Firearms and Interstate Trafficking in Firearms.[3]  On September 21, 2006, Defendant pleaded guilty to Count I – False Statement During Acquisition of Firearms, in violation of 18 U.S.C. § 922(a)(6).[4]  Sentencing was set for December 19, 2006.

A presentence report was prepared and distributed by the probation office in advance of sentencing, and Defendant filed a sealed memorandum and motion for downward departure,[5] which the government opposed.[6]

On December 19, 2006, the Court began, but did not conclude, Defendant's sentencing hearing.  After Defendant's counsel expressed concerns and a desire to conduct further investigation, the Court allowed the matter to be continued to a later date.  Thereafter, Defendant filed the instant Motion for Recusal.  Sentencing is currently set in this matter for March 13, 2007, at 3:30 p.m.

DISCUSSION

Defendant requests that this Judge recuse himself pursuant to 28 U.S.C. § 455, which states, in relevant part, that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  As grounds for his Motion, Defendant argues the

---

[3] Docket No. 1.

[4] Docket Nos. 16, 17.

[5] Docket No. 19.

[6] Docket No. 20.

following:[7] that the Court 1) received and relied upon information affecting Defendant's sentence without providing such information to Defendant; 2) made its sentencing decision prior to hearing from Defendant; and 3) expressed an intention to impose a 12-month sentence, which was based upon inaccurate and non-relevant conduct which the Court "nevertheless continues to rely upon."[8]

For the reasons set forth below, the Court declines to recuse itself from this case pursuant to § 455. The Tenth Circuit has stated that "[t]here is as much obligation for a judge *not* to recuse when there is no occasion for him to do so as there is for him to do so when there is."[9]

A.    Receipt of and reliance upon undisclosed information affecting Defendant's sentence.

Defendant first argues that the Court improperly received and relied upon information which affected Defendant's sentence, and which information was not disclosed to him.

At the heart of this issue is a telephonic follow-up interview that the probation officer/presentence report writer[10] had with Defendant regarding his medical condition, where counsel was not present. The fact and substance of this conversation was recorded in writing in the probation officer's recommendation to the Court, which accompanied the Court's copy of the presentence report. In his memorandum in support of the instant Motion, Defendant acknowledges that the probation office serves as an independent investigator for the Court and,

---

[7] *See* Docket No. 23, at 2-3.

[8] *Id.* at 3.

[9] *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (emphasis added).

[10] The probation officer has subsequently transferred to a district out of the State of Utah, for reasons entirely unrelated to this case.

"because of this close working relationship, the court and probation officer may engage in ex

parte communications without threat of violating a defendant's constitutional rights."[11]

On the record at the hearing, not only did the Court discuss the existence of the follow-up

interview and the disclosure of its substance to the Court,[12] but also reassured defense counsel

that the probation officer "did not discuss anything with Mr. Duley except his health conditions.

He didn't get into the matter of relevant conduct or acceptance of responsibility in that second

interview. . . .  That's all that he talked to Mr. Duley about the second time, according to the

materials I have, just so you understand."[13]

As a matter of rule and procedure in this District, the recommendation of the probation

officer to the Court is not to be disclosed to the parties: "Copies of the presentence report

furnished under Fed. R. Crim. P. 32(b)(6) will exclude the probation officer's

---

[11] Docket No. 24, at 3; *United States v. Huffman*, 146 Fed.Appx. 939, 944 (10th Cir. 2005); *see also United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998); *United States v. Stanphill*, 146 F.3d 1221, 1223-24 n.1 (10th Cir. 1998); and *United States v. Virgen-Chavarin*, 350 F.3d 1122 (10th Cir. 2003).

[12] The Court stated on the record that the probation officer "had interviewed Mr. Duley. He had one view of his health condition.  You submitted a filing which presented an entirely different picture.  I believe [the probation officer] was simply being cautious in thinking, well, if it's as Mr. Sisneros has represented, then obviously I don't have a complete picture of his health condition.  So he did what I think was very responsible, he went back and talked to Mr. Duley a second time and came away from that conversation – he represented to me that he actually read to Mr. Duley your filing, and that Mr. Duley said some of it was – agreed that some of it was true, but some of it was unduly pessimistic about his health condition."  December 19, 2006 sentencing hearing transcript (hereinafter "Tr.") at 13.

[13] Tr. at 15.

recommendation."[14]  In any event, this issue is moot here.  First, as just noted, the Court

disclosed, on the record, the information contained in the recommendation.  Second, the

probation officer subsequently provided the parties and the Court with a Second Addendum to

the Presentence Report, which set forth, *verbatim*, the relevant information from his written

recommendation to the Court.  The probation officer also supplemented the presentence report

with the medical information provided by Defendant in the follow-up interview.

On this issue, the Court finds that all relevant information has been disclosed to

Defendant, and the Court will not rely upon any undisclosed information that would affect

Defendant's sentence.  The Court further finds that Defendant has suffered no prejudice, as the

Court, at the December 19, 2006 hearing, expressed its intention to impose a sentence which was

at the low end of the advisory guideline if the government recommended the additional point for

acceptance of responsibility,[15] and *below* the advisory guideline range if the government opted

not to so move.

B.      Determination of sentence prior to allocution.

Defendant concedes that "a court may indicate its initial inclination about a proper

sentence at the beginning of the sentencing hearing," so long as no final decision is made without

the Court affording the parties an opportunity to address the Court.[16]  In this case, the Court

---

[14] DUCrimR 32-1(a); *see also* Fed. R. Crim. P. 32(e)(3) ("By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.").

[15] The government indicated in its December 5, 2006 filing that it did *not* intend to so move.  Docket No. 20, at 4.

[16] Docket No. 24 at 5 (citing *United States v. Laverne*, 963 F.2d 235 (9th Cir. 1992)).

5

stated on the record at the December 19, 2006 hearing, after making a determination beneficial to Defendant regarding acceptance of responsibility, the following: "The bottom line is the Court is intending to impose a sentence of 12 months today.  And the Court is not persuaded by your written memorandum that the health conditions would justify anything other than attention by the Bureau of Prisons to those health concerns Mr. Duley may have, and I am basing that on a presumption, as you have presented, that Mr. Duley still accepts responsibility for the crime he's pled guilty to.  *If you want to dissuade me from either of those, Mr. Sisneros, I'll give you the opportunity to do so.*"[17]  Later in the hearing, after hearing argument from defense counsel, the Court again expressed its reasoning,[18] but a continuance was requested before the government could address the issues and, of course, before any final determination was made or sentence imposed.

        Nonetheless, Defendant argues that the Court made its sentencing determination prior to his allocution.  The cases cited by Defendant in support of this argument all deal with a denial of a defendant's right of allocution, which is simply not the case here.  Defendant in this case has not yet been sentenced by the Court and, in accordance with rule, case law, and the unbroken

---

[17] Tr. at 5 (emphasis added).

[18] "Mr. Sisneros, you have here admitted that [Defendant] has admitted to purchasing 12 weapons in this manner illegally.  That is now part of the accepted relevant conduct.  This Court cannot see itself imposing any sentence other than a 12-month sentence based upon that.  If you want a continuance so you can pursue the legal issues, the Court will grant it to you.  I must tell you again, even if I were to accept your representations of [Defendant's] health conditions, the Court would not be inclined to grant a downward departure based thereon because the Court believes that the Bureau of Prisons can deal with those health conditions, frankly, better than he is dealing with them himself now."  Tr. at 12.

practice of this Court, Defendant will be allowed to address the Court on the record and fully allocute before any sentence is imposed upon him.  This issue is neither relevant to, nor grounds for, recusal by the undersigned.

C.      Intended sentence based upon inaccurate and non-relevant conduct.

Defendant last argues that the Court's initial expression of its intention regarding a reasonable sentence was based upon "inaccurate and non-relevant conduct."[19]  Defense counsel appears to be under the mistaken impression that the probation officer's follow-up conversation with Defendant somehow related to the issue now termed as "relevant conduct" – specifically, the purpose of Defendant's illegal acquisition of the firearms, and/or the ultimate location and use of the weapons.  As noted above, it did not.

Further, the Court's expressed intention to sentence Defendant to 12 months represents the low-end of the advisory guideline range without any sort of enhancement for the "relevant conduct" discussed by Defendant.  Defendant's conduct with respect to the other counts in the Indictment (which it is anticipated will be dismissed at sentencing) is set forth in the presentence report, and defense counsel further acknowledged the conduct at the December 19, 2006 hearing, on the record.[20]

The Court did not, and will not, rely upon impermissible information in arriving at a reasonable sentence in this case.  Defendant's apparent objections to relevant conduct as

---

[19] Docket No. 23, at 3.

[20] Tr. at 8-12.

contained in the presentence report are not only untimely,[21] but are wholly inappropriate as raised in the context of this Motion for Recusal.  Whether counsel agrees with the Court regarding the determination of factual and legal issues underlying imposition of a sentence simply does not legitimately or reasonably call into question the Court's impartiality.

The Court's actions to this point have been in conformity with applicable rule, procedure and case law, and such will continue to the final disposition of this case.  The Court finds that a fair and considered review of the record, the plea agreement, the presentence report, and the applicable considerations set forth by the rules, does not yield a reasonable questioning of this Judge's impartiality.

<u>CONCLUSION</u>

Based on the above, it is hereby

ORDERED that Defendant's Motion for Recusal (Docket No. 23) is DENIED.  This matter will proceed to sentencing on March 13, 2007, at 3:30 p.m.

SO ORDERED.

DATED March 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21] Tr. at 9.